IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

        Plaintiff,

v.

BRITTNEY LOONEY, and
P.R.L., a minor,

        Defendants.

Civil Action No.:

## COMPLAINT IN INTERPLEADER

Plaintiff The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

### PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the Commonwealth of Virginia

2. Upon information and belief, Defendant Brittney Looney is an adult citizen of Virginia and domiciled in Buchanan County, Virginia.

3. Upon information and belief, Defendant P.R.L. is a minor citizen of Virginia, domiciled in Buchanan County, Virginia, and may be served through her mother and legal guardian, Brittney Looney.

### JURISDICTION AND VENUE

4. This court has jurisdiction under 29 U.S.C §§ 1132(e) and (f) which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an

employee welfare benefit plan brought by, among other parties, a fiduciary. The group life insurance policy at issue in this action is an employee welfare benefit plan governed by ERISA. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C § 1331 which gives the District Court jurisdiction over actions that arise under the laws of the United States. For the purpose of processing this claim, Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002 (21)(A)(iii).

5. This court also has jurisdiction under Title 28 U.S. C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Prudential is a New Jersey citizen for diversity purposes and the Defendants are citizens of Virginia.

6. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

7. Prudential issued group life insurance policy number G-18943 to Revelation Energy, LLC (the "Plan"). *A copy of the Plan Booklet is attached hereto as **Exhibit A***.

8. As an eligible employee of Revelation Energy, LLC, Randall Steven Looney a/k/a Steven Looney (the "Insured") was eligible to receive life insurance coverage under the Plan.

9. On his benefits designation form, the Insured designated Brittney Looney as "Employee Beneficiary" to receive 50% of his Plan life insurance benefits and P.R.L. as "Employee Contingent Beneficiary" to receive 50% of his Plan life insurance benefits. *A copy of the benefits designation form is attached hereto as **Exhibit B***.

2

10.  Upon information and belief, the Insured died on December 6, 2018 as the result of a motor vehicle accident. *A copy of the Insured's Certificate of Death is attached hereto as **Exhibit C***.

11.  As a result of the death of the Insured, Plan death benefits in the aggregate amount of $150,000 ("Death Benefit"), which is comprised of $25,000 in Basic life benefits, $100,000 in Optional life benefits, and $25,000 in Accidental Death and Dismemberment benefits, became due to a beneficiary or beneficiaries and Prudential concedes liability to that effect.

12.  By Group Life Insurance Claim Form dated December 21, 2018, Brittney Looney asserted a claim to the Death Benefit. *A copy of the salient portion of the Group Life Insurance Claim Form for Brittany Looney dated December 21, 2018 is attached hereto as **Exhibit D***.

13.  By Group Life Insurance Claim Form dated December 21, 2018, Brittney Looney asserted a claim to the Death Benefit on behalf of her daughter, P.R.L., a minor. *A copy of the salient portion of the Group Life Insurance Claim Form for P.R.L. dated December 21, 2018 is attached hereto as **Exhibit E***.

14.  Due to the ambiguous designation set forth on the benefits designation form, (*see* Exhibit B), it is unclear how the Death Benefit should be distributed.

15.  Due to Brittney Looney's individual interest in and claim to the Death Benefit, there may be a conflict of interest in connection with her representation as legal guardian of P.R.L. in connection with the minor's interest in the Death Benefit.

16.  Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading parties, Prudential is or may be exposed to multiple liability.

17. Prudential is ready, willing and able to pay the Death Benefit, plus applicable interest, if any, in accordance with the terms of the Plan and to whomever this Court shall designate.

18. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom said benefits should be paid.

19. Accordingly, Prudential will deposit with the Court the Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court, or pursuant to an Order of the Court, will pay the Death Benefit directly to whomever this Court determines to be entitled to the proceeds.

20. There is no fraud or collusion between Prudential and any of the other parties. Prudential brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a) appointing a Guardian ad litem for Defendant P.R.L., a minor, for purposes of representing her interests in the Death Benefit in this action;

(b) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(c) requiring the Defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d) permitting Prudential to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Registry of the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(e) discharging Prudential from any and all further liability to the Defendants that relates in any way to the Insured's coverage under the Plan and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

4

(f) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Death Benefit or otherwise in connection with the Insured's coverage under the Plan;

(g) awarding Prudential its attorneys' fees and costs in their entirety; and

(h) awarding Prudential any other and further relief that this Court deems just and proper.

Dated: June 5, 2019

Respectfully Submitted,

/s/ Mitchell K. Morris

Mitchell K. Morris (VSB 71298)
BUTLER SNOW LLP
919 East Main Street, Suite 600
Richmond, Virginia 23219
804.762.6042 Telephone
804.762.6031 Facsimile
mitchell.morris@butlersnow.com

*Counsel for Plaintiff The Prudential Insurance Company of America*